**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

GARY ROBERT GOEBEL,

Petitioner,

v.

R.L. MORRISON, Warden, Duluth Prison Camp

Respondent.

Civil No. 06-168 (JRT/SRN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Gary Robert Goebel, #11765-041, Federal Prison Camp, P. O. Box 1000 Duluth, MN 55814, pro se petitioner.

Frank Magill, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

This matter is before the Court on respondent's objections to United States Magistrate Judge Susan R. Nelson's Report and Recommendation dated March 7, 2006. Magistrate Judge Nelson recommended that this Court grant petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and order respondent to reconsider when petitioner should be assigned to a community confinement center ("CCC"). The Court has reviewed *de novo* respondent's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). As explained below, the Court overrules the objections and adopts the Report and Recommendation.

## BACKGROUND

Petitioner is currently serving a fifteen-month sentence in the Bureau of Prisons (BOP) Federal Prison Camp in Duluth, Minnesota, for misapplication of bank funds. Assuming petitioner receives all credits available to him under 18 U.S.C. § 3624(b) for good behavior, his projected release date is July 9, 2006.

Petitioner filed this habeas petition challenging a policy of the Federal Bureau of Prisons ("BOP") that limits transfer to a CCC to the lesser of the last ten percent of the sentence or six months.[1] This policy is articulated in 28 C.F.R. §§ 570.20 and 570.21 ("the February 2005 Rules"). Based on the February 2005 Rules, petitioner is eligible for transfer to a CCC for only the last two months of his sentence. Petitioner challenges the bright-line rule set forth in the February 2005 Rules, and argues that the BOP must make an individualized determination of whether he should be released to a CCC based on the factors listed in 18 U.S.C. § 3621(b). Specifically, petitioner argues that the February 2005 rules are invalid and that he is eligible for a full six months of CCC placement.

## ANALYSIS

### I. Validity of the February 2005 Rules

In its objection, the BOP argued that the Magistrate Judge incorrectly determined that the February 2005 Rules were invalid. The BOP acknowledged in its objection that

---

[1] In addition to his petition, petitioner filed a Motion for Relief By Way of § 2241 Writ of Habeas Corpus, Injunction & Mandamus, and a Motion to Grant Relief. *See* Doc. Nos. 2, 8. Given the caption of his motion, petitioner apparently also seeks relief via injunction and mandamus, although he did not advance any such argument for those forms of relief in his petition. The Magistrate Judge recommended denying petitioner's request for injunctive relief and mandamus, and petitioner did not object to the report and recommendation. The Court agrees with the Magistrate Judge's recommendation that, to the extent petitioner requests relief via injunction and mandamus, that request is denied.

this Court, as well as several other courts within this District, had found the February 2005 Rules invalid, and stated that it objected only to "preserve its position" pending appeal of the issue to the Eighth Circuit.[2]

On April 6, 2006, the Eighth Circuit Court of Appeals in *Fults* held that the February 2005 Rules are invalid as conflicting with 18 U.S.C. § 3621(b), which lays out certain factors that must be considered by the BOP in making inmate placement or transfer determinations. *Fults v. Sanders*, 442 F.3d 1088, 2006 WL 870745 (8th Cir. 2006).[3] Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the February 2005 Rules were invalid because they "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." *Id.* at *4; *see also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

The Court finds the Court of Appeals' analysis on the February 2005 Rules to be persuasive and binding. Accordingly, the Court holds that 28 C.F.R. §§ 570.20 and 570.21 are invalid as applied in this case, and grants petitioner's writ of habeas corpus.

---

[2] *See, e.g., Hayek v. Caraway*, 2005 WL 3334600, *1 (D. Minn. Dec. 7, 2005) (invalidating the February 2005 Rules); *Ragsdale v. Caraway*, Civ. No. 05-1596 (MJD/JJG) (D. Minn. Jan. 6, 2006) (same); *Threlkeld v. Morrison*, Civ. No. 05-2604 (PAM/AJB) (D. Minn. Jan. 13, 2006) (same); *Stonecipher v. Caraway*, Civ. No. 05-2161 (JRT/JSM) (D. Minn. Jan. 20, 2006) *Young v. Caraway*, 2006 WL 562143 (D. Minn. Mar. 7, 2006) (same).

[3] The factors that must be considered by the BOP in making inmate placement or transfer decisions are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any relevant statement by the court that imposed the sentence; and (5) any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** respondent's objections [Docket No. 11] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 10]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]; Motion for Relief by Way of § 2241 Writ of Habeas Corpus Injunction & Mandamus [Docket No. 2]; and Motion to Grant Relief [Docket No. 8] are **GRANTED in part** as to habeas corpus relief. The motions are in all other respects **DENIED**.

2. Respondent is **DIRECTED** to immediately reconsider its decision as to whether petitioner should be assigned to a Community Corrections Center or home confinement, in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. § 570.21 and 28 C.F.R. § 570.21. Respondent's decision shall be filed with the Court within twenty-one (21) days of the date of this Order.

DATED: May 12, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge